Smith, the administrator of one Minnis, made a sale, and cried off to Henry Pickard a quantity of wheat standing in the field unharvested. Pickard named the plaintiff as his proposed security to a note (454) he was required by the terms of the sale to give. Thompson, when called on to sign the note as surety, said that he signed as surety for no one but his father, and asked no one but his father to sign for him, but said he would give his own note for the wheat with his father as surety, or he would pay the money for it. The administrator took plaintiff's note at nine months credit without surety, which was paid by him at maturity.
The administrator deposed that the wheat was threshed with a portable thresher belonging to the plaintiff, on a tract of land recently purchased by Pickard, and carried to the mill of the defendant with the wagon, horses, and driver of plaintiff, Pickard being along; that the driver, on delivering the wheat at the mill, told the defendant that the plaintiff sent him word to keep the wheat until he called for it or sent him an order for it. Also, that the plaintiff demanded the wheat or the flour made from it previously to the bringing of the suit.
The defendant alleged that Pickard was the purchaser of the wheat, and offered evidence tending to show that Pickard had harvested it and hauled it from the place where it grew to the place above described, and was with the wagon at the delivering of it at the mill, and that he, defendant, had accounted to Pickard for it previously to the demand. His Honor instructed the jury that if they believed the plaintiff, when he gave his note, intended to become himself the purchaser of the wheat, their verdict should be for the plaintiff; but if he designed to carry out the contract of Pickard, according to the bid, then their verdict should be for the defendant.
Plaintiff's counsel excepted. Verdict and judgment for the defendant. Appeal by plaintiff.
The part which the plaintiff seems to have taken (455) (through his agents) in threshing and conveying to the mill the wheat in question casts some doubt on the ownership, and especially upon the true intent of the parties in the negotiation which resulted in the giving of the plaintiff's note for the wheat.
We think, however, the question of property was fairly put to the jury, and, in the absence of any request for more specific instructions, was sufficient.
Supposing the right of property to have once been in Pickard, as found by the jury, there was then no evidence to show a pledge of the wheat to secure the plaintiff in respect to the note which had been given; an actual delivery for such purpose would be necessary to constitute a pledge, and there was nothing to show this.
PER CURIAM. No error.